```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                                        :
IN RE LORI BUCCOLO,                     :  Bankr. Pet. No. 05-30789 (RTL)
                                        :  Bankr. Adv. Proc. 07-1008 (RTL)
     Debtor.                            :
                                        :
_____        :
                                        :
BRUCE BUCCOLO,                          :  CIVIL ACTION NO. 07-3543 (MLC)
                                        :
     Appellant,                         :  **MEMORANDUM OPINION**
                                        :
     v.                                 :
                                        :
THOMAS J. ORR, et al.,                  :
                                        :
     Appellees.                         :
_____        :
```

**THE CHAPTER 7 TRUSTEE**, an appellee in this matter ("Trustee"), having commenced an adversary proceeding against the appellant in the United States Bankruptcy Court for the District of New Jersey ("Bankruptcy Court") on January 5, 2007 ("Adversary Proceeding"), seeking a judgment, inter alia, directing the appellant to (1) vacate and turn over certain real property, and (2) present proof that he had complied with certain payment obligations set forth in a January 2006 order of the Bankruptcy Court, see Bankr. Adv. Proc. 07-1008, dkt. entry no. 1, Compl.; and the appellant moving, on January 11, 2007, to compel the Trustee to accept his offer to purchase the property, id., dkt. entry no. 8; and the Bankruptcy Court denying the appellant's motion to compel the Trustee to accept his offer to purchase the property on January 26, 2007, id., dkt. entry no. 15; and

**THE BANKRUPTCY COURT**, on January 31, 2007, ordering the appellant to, inter alia, vacate the property by March 31, 2007 ("February Order"), id., dkt. entry no. 19; but the appellant appealing from the February Order ("First Appeal"), see dkt. no. 07-1036 (MLC), dkt. entry no. 1; and the Court, thereafter, dismissing the appeal for failure to prosecute and file a brief in a timely fashion, id., dkt. entry nos. 14, 15; and

**THE BANKRUPTCY COURT** entering default against the appellant on April 19, 2007 for failing to plead or otherwise defend in the Adversary Proceeding, Bankr. Adv. Proc. 07-1008, dkt. entry no. 35; and the Trustee moving, in the Adversary Proceeding, for entry of judgment by default against the appellant, and asserting that "[a]fter repeatedly being advised of the need to so, the [appellant] has failed to answer the Trustee's complaint", id., dkt. entry no. 40; and the appellant moving on June 21, 2007, for leave to file an answer to the adversarial complaint out of time, id., dkt entry no. 42;[1] and the Bankruptcy Court denying appellant's request for leave to file an answer to the adversarial complaint out of time in an order dated June 26, 2007 ("June Order"), id., dkt. entry no. 45; and

---

[1] The appellant filed his motion for leave to file an answer to the adversarial complaint out of time more than five months after the adversary complaint was filed.  Id.

**THE APPELLANT**, who is pro se, appealing from the June Order (dkt. entry no. 1); and the appellant failing to file his appellant brief until September 21, 2007, a date 52 days after the appeal was docketed in this Court on July 31, 2007 (dkt. entry no. 4, Appellant Br.; see dkt. entry no. 1, Not. of Appeal), see Fed.R.Bankr.P. 8009(a)(1) (stating that the appellant must file and serve a brief in the district court within 15 days after entry of the appeal on the district court's docket); and the appellant failing to provide this Court with a transcript of the proceeding held before the Bankruptcy Court on June 25, 2007, until October 26, 2007, see Fed.R.Bankr.P. 8006 ("If the record designated by any party includes a transcript of any proceeding or a part thereof, the party shall, immediately after filing the designation, deliver to the reporter and file with the clerk a written request for the transcript and make satisfactory arrangements for payment of its cost."); and

**THE COURT** ordering the appellant on October 23, 2007 to show cause why this appeal should not be dismissed (1) for failure to prosecute, or (2) as moot in light of the Court's dismissal of the appeal in Civil Action No. 07-1036 (MLC); and the Court directing the appellant to respond by November 2, 2007, and noting that "no enlargements of time will be granted to respond, even with the consent of all the parties" (dkt. entry no. 8, 10-23-07 OTSC, at 6); and

3

**THE APPELLANT** responding to the order to show cause on November 2, 2007; and the appellant stating, inter alia, (1) "I submitted a bona fide and realistic proposal to the trustee to purchase the real property which is my home", (2) the trustee "summarily dismissed" the proposal, (3) the Court "stated that my position lacked merit but omitted its reasoning for such a sweeping conclusion", and (4) the Court "made mention that my brief was filed out of time . . . but the [C]ourt must understand that I lost both of my parents over the summer", and "[t]he late filing did not sufficiently prejudice anybody in this dead as a door nail real estate market" (dkt. entry no. 9, Appellant's Resp. to OTSC, at ¶¶ 1, 4-7);[2] and

**IT APPEARING** that this Court may dismiss an appeal from an order of the Bankruptcy Court for an appellant's failure to prosecute and file a brief in a timely fashion, see Fed.R.Bankr.P. 8001(a) (explaining that an appellant's failure to take any steps after filing a notice of appeal "is ground only for such action as the district court . . . deems appropriate, which may include dismissal of the appeal"), In re Michaelesco, 154 Fed.Appx. 230, 230-32 (2d Cir. 2005), cert. denied, 126 S.Ct. 2868 (2006), In re Jewelcor Inc., 11 F.3d 394, 397 (3d Cir.

---

[2] The appellant filed this document as both a response to the order to show cause in this action and a motion for reconsideration in Civil Action No. 07-1036 (MLC). See dkt. no. 07-1036 (MLC), dkt. entry no. 16.

1993), Ocwen Fed. Sav. Bank v. Jennings, No. 05-5106, 2006 WL 2403442, at *1 (D.N.J. Aug. 17, 2006); and it appearing that even a pro se appellant must abide by the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure, see In re Am. Metrocomm Corp., 196 Fed.Appx. 86, 87-88 (3d Cir. 2006) (stating pro se litigant cannot ignore deadline for prosecuting appeal); and it further appearing that the Court should balance the following factors in determining whether to dismiss an appeal for failure to prosecute: (1) the extent of the party's personal responsibility, (2) any prejudice to the adverse party caused by the failure to meet scheduling orders and respond to discovery, (3) whether the party has a history of dilatoriness, (4) whether the party acted willfully or in bad faith, (5) the effectiveness of sanctions other than dismissal, and (6) the meritoriousness of the party's claim, Richardson v. Treacy, Shaffel, Moore & Mueller (In re Richardson Indus. Contractors, Inc.), 189 Fed.Appx. 93, 96 (3d Cir. 2006); and

**THE COURT** finding that (1) the appellant chose to proceed pro se with this appeal, and thus, is solely responsible for his failure to prosecute the appeal,[3] (2) the Trustee has been

---

[3] The appellant continues to be represented by counsel in the adversary proceeding and bankruptcy action underlying this appeal.  (Dkt. entry no. 4, Buccolo Cert., Ex. A, 2-26-07 Knowlton Letter (stating that her law firm does not represent the appellant on appeal "but continues to represent him in the bankruptcy matter").)

repeatedly delayed in marketing and selling the property at issue and obtaining the value of the property's equity for distribution to the debtor's unsecured creditors, and (3) the Trustee has also been delayed in ultimately resolving the debtor's bankruptcy case; and the Court finding that the appellant has a history of dilatoriness, including (1) failing to perfect this appeal by obtaining a transcript of the underlying proceeding for nearly three months, (2) failing to file his brief for nearly two months, and (3) failing to answer the complaint in the adversary proceeding underlying this appeal for more than five months; and the Court also finding that (1) the appellant's conduct was willful because he was able to timely respond to the Court's order to show cause, (2) no sanctions other than dismissal will permit the Trustee to proceed with the adversary proceeding and bankruptcy case underlying this appeal, and (3) it appears that the Bankruptcy Court did not err in denying his request to file an answer more than five months after the complaint was filed; and

**THE COURT** thus intending to grant the order to show cause and dismiss the appeal for failure to prosecute; and the Court also determining that this appeal is essentially moot in light of this Court's dismissal of the First Appeal because the appellant now must vacate the property pursuant to the February Order,

which formed the basis of the First Appeal; and for good cause appearing, the Court will issue an appropriate Order.

                                              s/ Mary L. Cooper
                                          **MARY L. COOPER**
                                          United States District Judge

Dated: December 19, 2007